B. F. ELLIOTT v. E. BLANC.

(Case No. 1062.)

1. EQUITABLE LIEN.— The holder of a note given for the purchase money for land acquires an equitable lien on the land, but not such legal or equitable title to the land as will enable him to maintain trespass to try title against the vendee or a subsequent purchaser, when by his laches his remedy on the note has become barred by limitation.

APPEAL from Waller. Tried below before the Hon. W. H. Burkhart.

Suit by E. Blanc, the appellee, brought on the 26th day of March, A. D. 1874, against the unknown heirs of Thomas A. Brown, on a promissory note executed by Brown on the 9th day of April, 1858, to R. R. Peebles, for a part of the purchase money for lots 6, 7 and one-half of 8, in block 301, in the town of Hempstead, payable twenty-four months after date to Peebles or bearer, and secured by vendor's lien on the lots expressed in the face of the note. Prayer for citation by publication, and for judgment against the heirs for the amount of the note, and for the foreclosure of the vendor's lien on the lots.

On the 21st of November, 1874, B. F. Elliott intervened, and resisted the enforcement of the lien, because the plaintiff's claim was stale and his cause of action barred by the statute of limitations; he claimed title to the lots by virtue of a sheriff's deed, and sale of the same under a judgment and foreclosure of the vendor's lien rendered in the district court of Austin county on the 9th day of December, 1869, against Brown in favor of O. H. P. Garret, on another note executed for the purchase money for lots.

On the 1st day of August, 1877, A. L. Harvey filed an answer of general denial for the heirs.

On the 15th day of January, 1878, the plaintiff filed an amended petition, reiterating his prayer for foreclosure of lien, and prayed in the alternative for a recovery of one-half interest in the lots directly by virtue of his ownership of the note sued on and for partition.

The intervenor excepted generally and specially to this amended petition and pleaded the general issue.

On the same day the court overruled the exceptions of the intervenor, decreed to the plaintiff one-half interest in the lots of ground, and appointed commissioners to partition the same between the plaintiff and intervenor.

The intervenor made a motion for a new trial, which being overruled he gave notice of appeal.

*B. F. Elliott*, for appellant.

Moore, Chief Justice.— By the transfer of a note given for the purchase money for land, the holder acquires the equitable lien upon the land to which the vendor is entitled as security for its payment, but he gets by such transfer neither a legal or equitable title to the land. If by his neglect or laches his action on the note is barred, he cannot maintain, as holder of such note, an action of trespass to try title for the land against the vendee or subsequent purchaser.

The judgment is reversed and the cause remanded.

Reversed and remanded.

[Opinion delivered January 18, 1881.]